BLANCHE, Judge.
These two suits were instituted in the Twenty-second Judicial District Court in the Parish of St. Tammany and were consolidated for trial. One judgment was rendered therein disposing of both suits. In No. 8719 judgment was rendered in favor of the defendant, Christy-Ann-Lea, Inc., and against the plaintiffs, Jacques A. Ba-gur and the Bagur Company, Inc., dismissing plaintiffs’ suit at plaintiffs’ cost. In No. 8718 judgment was rendered in favor of the plaintiff, Christy-Ann-Lea, Inc., and against defendants, Jacques A. Bagur and the Bagur Company, Inc., in the full sum of $7,306.44 with legal interest thereon from date of judicial demand, until paid, to be paid in cash less ten percent or in lots in the Choctaw Springs Subdivision, Addition No. 2, located in Sections 22 and 23, Township 8 South, Range 12 East, St. Tammany Parish, Louisiana, at their market value less ten percent and for the cost of said proceedings. Jacques A. Bagur and the Bagur Company, Inc., plaintiffs in Suit No. 8719 and defendant in Suit No. 8718, perfected this appeal from the foregoing judgment.
With one exception, the errors presented on this appeal by Jacques A. Bagur and the Bagur Company, Inc., relate to the factual findings of the trial judge. Our review of the record is in accord with the factual findings of the trial judge, and we take the liberty of adopting his reasons for judgment as our own:
“On October 19,1966, Christy-Ann-Lea, Inc. represented by Mr. Emory Graves offered to do certain construction work in a subdivision owned by Mr. Jacques A. Bagur. The contract was accepted by Mr. Bagur on October 20, 1966. It provided that Christy-Ann-Lea, Inc. would do the following work in the subdivision of Mr. Bagur at the following prices: (1) Clearing and grubbing of roadways, $3,205.44; (2) Excavating and embankment of roadways, $3,205.44; (3) Providing, hauling, spreading, and compacting of sand-clay-gravel base material, $5,560.00; (4) Providing, hauling, spreading and grading of washed gravel surface course, $1,947.00; (5) Providing, delivery, and installation of drainage structures, $1,280.00. The total amount of contract was $15,197.88.
“There was further provided in the contract that the contract amount was to be paid one-half in cash at the completion of each stage of the work and one-half in lots at market value less ten per cent (10%), to the contractor for cash.
“Work was started on the project by Christy-Ann-Lea, Inc. on October 28, 1966. On December 21, 1967, Christy-Ann-Lea, Inc. received final approval from the St. Tammany Parish Police Jury certifying that the work on the subdivision had been completed to the satisfaction of the Police Jury requirements.
“During the construction period, Christy-Ann-Lea, Inc. received payments for the work done in the amount of EIGHT THOUSAND SEVEN HUNDRED THIRTY-FOUR AND «/ioo ($8734.44) DOLLARS.
“On April 1, 1969, Jacques A. Bagur and the Bagur Company, Inc., the latter being the new owner of the subdivision by virtue of an act of sale executed by Mr. Jacques A. Bagur, filed suit against *478 Christy-Ann-Lea, Inc. The suit is based on a written document dated October 20, 1966. This document provided that the contractor, Christy-Ann-Lea, Inc. was to complete the construction work and also obtain approval of the St. Tammany Parish Police Jury of the work within ninety (90) days from October 20, 1966. It further provided that failure of the contractor to complete work and obtain the approval within the time prescribed would result in an assessment of liquidated damages in the amount of TWENTY-FIVE and NO/100 ($25.00) DOLLARS per day until approval was obtained.
“The suit further alleged that Christy-Ann-Lea, Inc. did not use the materials called for in the specifications and therefore the balance due on the construction contract should be cancelled.
“The document providing for liquidated damages was never signed. Mr. Graves states that it was not his intention to enter into this supplemental agreement which is the reason he did not sign the same. The Court believes that the evidence supports his testimony. Had the parties agreed to the terms in the supplemental agreement, it is obvious to the Court that they would have signed the same since it had been reduced to writing. Failure to do so indicates to the Court that the contract was never entered into by the parties.
“As to the failure of Christy-Ann-Lea, Inc. to use the proper materials, all of the evidence shows that the materials furnished and used by Christy-Ann-Lea, Inc. met the specifications and the requirements of the Police Jury. Although there were some problems, these problems were worked out to the satisfaction of the parish engineer, Mr. W. H. Dob-son.
“Accordingly, the Court will dismiss Suit Number 29983 at the cost of plaintiff.
“On May 16, 1969, Christy-Ann-Lea, Inc. filed suit against Jacques A. Bagur and the Bagur Company, Inc. The agreement dated October 19, 1966, and signed by both Christy-Ann-Lea, Inc. and Jacques A. Bagur was made the basis of this suit. The suit alleges that the contract price was FIFTEEN THOUSAND ONE HUNDRED NINETY-SEVEN AND 88/ioo ($15,197.88) DOLLARS. It further alleges that additions were made to the specifications, which additions were constructed by Christy-Ann-Lea, Inc., and amounted to an additional FIVE HUNDRED AND EIGHTY-EIGHT AND NO/100 ($588.00) DOLLARS for culverts; road construction of ONE HUNDRED FIFTY ($150.00) DOLLARS; and ditch construction of ONE HUNDRED FIVE AND NO/100 ($105.00) DOLLARS, making a total contract price of SIXTEEN THOUSAND FORTY AND 88/ioo ($16,040.88) DOLLARS. It further alleges that EIGHT THOUSAND SEVEN HUNDRED THIRTY-FOUR AND «/mo ($8,734.44) DOLLARS was paid on the contract leaving a balance of SEVEN THOUSAND THREE HUNDRED SIX AND «/io,o ($7,306.44) DOLLARS. The suit admits that according to the original agreement, Mr. Bagur had the option of paying one-half of the contract amount in cash, and one-half in lots at market value.
“The answer of Jacques A. Bagur and the Bagur Company, Inc. set forth as a defense, the contentions alleged in Suit Number 29983. The findings of this Court with reference to that suit fully disposes of the defenses herein.
“Further, the Court finds that the evidence supports the additions made to the specifications and constructed by Christy-Ann-Lea, Inc. As a matter of fact, Mr. Bagur does not question the additions, but merely states that he did not know about them.
“Accordingly, the judgment of the Court is that the balance prayed for by *479 Christy-Ann-Lea, Inc. is due. ...” (Reasons for Judgment, Record, pp. 34-37, Appeal No. 8719)
Thereafter, the trial judge in his Reasons for Judgment stated:
“ . . . The only other question is how this amount is to be paid since the contract provides that it can be paid by the transfer of lots to Christy-Ann-Lea, Inc. at market value or cash less ten (10% per cent. The Court does not believe its judgment can require more than the contract specified, and will therefore sign a judgment in favor of Christy-Ann-Lea, Inc. and against Jacques A. Bagur and the Bagur Company, Inc. in the sum of SEVEN THOUSAND THREE HUNDRED SIX AND 4%oo ($7306.44) DOLLARS to be paid in cash less ten (10%) per cent, or in lots at market value in accordance with the terms of the contract made the basis of this suit. The Court does not believe that its judgment can go further.” (Reasons for Judgment, Record, p. 37, Appeal No. 8719)
Appellants argue that the trial court was in error in requiring that the judgment against them in the sum of $7,306.44 be paid in cash less ten percent or in lots at market value. The clause in the contract providing for payment is as follows:
“This amount to be paid one-half in cash at completion of each stage of work and one-half in lots at market value less 10 per cent to contractor for cash.” (Acceptance of Contract, Bagur 1 and CAL 1 [marked Bagur 2 and CAL 1])
The total contract price including the extras due Christy-Ann-Lea, Inc., amounted to $16,040.88. Half of this amount is the sum of $8,020.44. The record shows that at the time the stage payments were due under the contract that Christy-Ann-Lea, Inc., had received in cash the sum of $8,734.44, which sum is obviously in excess of one-half the contract price by the sum of $714.00. The clarity of the payment clause as written leaves much to be desired. However, we believe a proper construction of the same requires appellants to pay one-half of the contract price in cash at the completion of each stage of the work. With regard to the remaining half of the contract price due after completion of the work, appellants were accorded the option to pay this amount either in lots at market value or in cash. If payment in cash were to be elected, the payment in cash less ten percent thereof would be the amount due and owing.
The foregoing considered, the judgment is affirmed insofar as it awards judgment in Suit No. 8719 in favor of the defendant, Christy-Ann-Lea, Inc., and against the plaintiffs, Jacques A. Bagur and the Bagur Company, Inc., dismissing plaintiffs’ suit at plaintiffs’ costs. The judgment is further affirmed in Suit No. 8718 insofar as it awards judgment in favor of the plaintiff, Christy-Ann-Lea, Inc., and against defendants, Jacques A. Bagur and the Bagur Company, Inc., in the full sum of $7,306.44 with legal interest thereon from date of judicial demand until paid and for all costs of the proceedings. The judgment is amended in Suit No. 8718 so as to accord unto the defendants, Jacques A. Bagur and the Bagur Company, Inc., the option to pay the amount of said judgment in cash or by transferring unto plaintiff, Christy-Ann-Lea, Inc., lots in Choctaw Springs Subdivision, Addition No. 2, located in Sections 22 and 23, Township 8 South, Range 12 East, St. Tammany Parish, Louisiana, the market value of which will equal the principal amount of said judgment. The judgment is further amended in said suit so as to provide that if defendants elect to pay the foregoing judgment in cash that they will be entitled to a credit thereon in the sum of $802.04, being ten percent of one-half- of the contract price.
For the above and foregoing reasons, the judgment is affirmed as amended, all costs to be paid by appellants.
Amended and as amended affirmed.